IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD BRESKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-1072-D |
| ) | |
| HONEYWELL INTERNATIONAL INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 19]. Defendant Honeywell International, Inc. filed a Memorandum in Opposition to Plaintiff's Motion to Remand [Doc. No. 26] and an Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand and Memorandum of Law in Support [Doc. No. 27]. Plaintiff did not file a reply in support of remand, nor did Plaintiff respond to Defendant's motion for jurisdictional discovery. Both matters are fully briefed and at issue.

## BACKGROUND

On June 12, 2021, Plaintiff was electrocuted and seriously injured while performing repairs on a power line [Doc. No. 19-1, Petition]. At the time of his injury, Plaintiff was a lineman employed by Oklahoma Gas & Electric (OG&E). *Id.* at ¶ 16. Plaintiff filed suit in Oklahoma County District Court, Case No. CJ-2023-3181, alleging: that Defendant Honeywell designed, manufactured, or distributed defective Salisbury gloves that Plaintiff was wearing at the time of his injury (*Id.* at ¶¶ 20-25); that Defendant Schneider Electric

1

USA, Inc. designed, manufactured, or distributed defective software utilized by OG&E to designate power lines as shut off for repairs (*Id.* at ¶¶ 26-36); and that various tree-trimming companies had negligently performed tree-trimming services for OG&E at or near the site of Plaintiff's injury (*Id.* at ¶¶ 38-49). For his negligence claim against the tree-trimming companies, Plaintiff alleges that – but for some or all of the companies' negligent tree trimming – the subject power line would never have needed to be repaired by OG&E, and thus Plaintiff would not have been injured. *Id.* at ¶¶ 43-47.

Defendant Honeywell removed the action to this Court on November 22, 2023. In its notice of removal, Honeywell contends that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction [Doc. No. 1]. Although Defendants Wright Tree and Landscaping, LLC (Wright T&L) and Gene Davis Tree Service, LLC (Gene Davis) are non-diverse parties, Honeywell further contends that both entities were fraudulently joined by Plaintiff to defeat diversity jurisdiction. Specifically, Honeywell asserts that Gene Davis was a defunct company that was not operating at the time of Plaintiff's incident; and Wright T&L had never conducted any work for OG&E, referencing a forthcoming affidavit from the owner of Wright T&L [Doc. No. 1, at 9-10].

On December 20, 2023, Plaintiff moved to remand, disputing that he fraudulently joined Wright T&L.[1] Rather, Plaintiff contends that his investigation revealed that a certain

---

[1] By failing to address fraudulent joinder with respect to Gene Davis, Plaintiff has conceded the issue. Accordingly, the Court will ignore the citizenship of Gene Davis when determining whether complete diversity exists.

number of tree services, including Wright T&L, "may have performed tree services for OG&E and its power lines at or near the area" of Plaintiff's injury; and that Defendant Honeywell "has provided no evidence to support its position that Plaintiff's claim against [Wright T&L] is meritless." [Doc. No. 19, at 4-5].

## STANDARD OF DECISION

Subject matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Defendant Honeywell relies solely on the second basis. As the removing party, Honeywell must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," Honeywell must show that there is no possibility that Plaintiff would be able to establish a cause of action against Wright T&L in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. June 4, 2013) (unpublished) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

3

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). "In determining whether there was fraudulent joinder, it is appropriate to consider evidence submitted in affidavit form, and to take facts submitted in affidavit form but not challenged by counter affidavits or other evidence, as established." *Mitchell v. Ford Motor Co.*, No. CIV-05-379-F, 2005 WL 1657069, at *2 (W.D. Okla. July 5, 2005) (citing *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958)).

The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2.

## DISCUSSION

In his state-court petition, Plaintiff alleges the following for his negligence claim against Wright T&L:

- That on and/or before June 12, 2021, Defendant Wright [T&L] performed tree-trimming services for OG&E at and/or near the site of Plaintiff's June 12, 2021, electrocution injury incident.

- That on and/or before June 12, 2021, Defendant Wright [T&L] failed in its duty to properly perform tree-trimming services for OG&E at and/or near the site of Plaintiff['] s June 12, 2021, electrocution injury incident, and Defendant Wright [T&L] performed such tree-trimming services in a negligent and/or reckless and/or grossly negligent fashion that created a dangerous and/or hazardous condition for OG&E crews, generally, and Plaintiff, specifically wherein damage was caused to the electrical wires

4

> and/or equipment of OG&E thereby necessitating the need for repair of said electrical wires and/or equipment that would not have been required and/or necessitated but for the negligent acts and/or conduct and/or omissions of said Defendant and/or its employees, agents, and/or contractors.
>
> - That as a result of the acts and/or conduct and/or omissions of [] Defendant Asplundh, Defendant Wright Tree Service, Defendant Wright [T&L], Defendant Davis Tree Service, and/or Defendant ABC Corp., one and/or some and/or all of them, Plaintiff has sustained bodily injuries and damages … in excess of One Hundred Thousand Dollars ($100,000.00) [in] actual damages, exclusive of costs and interest.[2]

[Doc. No. 19-1, at ¶¶ 40, 45, 48].

In its notice of removal, Honeywell asserts fraudulent joinder on the basis that "Wright T&L has never conducted any work for OG&E." [Doc. No. 1, at 10]. For additional support, Honeywell attached to its response to Plaintiff's motion to remand the affidavit of Coby P. Wright, Wright T&L's sole member-manager [Doc. No. 26-1]. In it, Mr. Wright attests that "Wright T&L has never contracted with [OG&E] to provide any type of tree services," and "Wright T&L has never provided tree services for OG&E, specifically Wright T&L did not provide OG&E with tree services on or before June 12, 2021." [Doc. No. 26-1, at ¶¶ 6-7].

In his motion to remand, Plaintiff argues that his "investigation of the facts of this case has determined that a certain number of tree services – including Defendant Wright [T&L] – **may have** performed tree services for OG&E and its power lines at or near the area of the occurrence of the subject incident…." [Doc. No. 19, at 4]. According to Plaintiff, he "named a company that Plaintiff understands and alleges (based upon

---

[2] Plaintiff also seeks punitive damages against "one and/or some and/or all of" the various tree-trimming companies. *Id.* at ¶ 49.

Plaintiff's knowledge as an employee of OG&E) may have, in fact, performed tree services for OG&E at relevant times and at or near the location of the subject incident." [Doc. No. 19, at 5]. In his motion to remand, Plaintiff fails to rebut with evidence Honeywell's assertion that Wright T&L has never conducted any work for OG&E.

More notably, Plaintiff did not file a reply in support of his motion to remand. Based on Mr. Wright's affidavit attached to Honeywell's response [Doc. No. 26-1], Plaintiff could have raised in a reply 1) any evidence to rebut Wright T&L's statement that it has never performed any services for OG&E; 2) any evidence to bolster Plaintiff's understanding of the various tree companies that "may have" performed tree-trimming services for OG&E; 3) any negligence theories against Wright T&L that would not hinge on Wright T&L having performed services for OG&E; and/or 4) a request for jurisdictional discovery.

Upon review of the parties' submissions, and especially considering Plaintiff's failure to rebut Mr. Wright's affidavit, the Court finds Plaintiff's motion should be denied. The heavy burden placed upon Defendant to prove fraudulent joinder does not mean this Court must "blindly accept" Plaintiff's allegations, "no matter how incredible or how contrary to the overwhelming weight of the evidence." *In re Diet Drugs Products Liab. Litig.*, 352 F.Supp.2d 533, 537 (E.D. Pa. 2004); *In re Train Derailment Near Amite, La.*, No. Civ.A. MDL 1531, 2003 WL 21715000, at *2 (E.D. La. July 18, 2003) ("Although [defendant] bears a heavy burden of proof on the fraudulent joinder issue, [plaintiffs] cannot rely on conclusory allegations and speculation in light of the evidence offered by [defendant]").

6

Plaintiff has presented no credible evidence which would indicate a reasonable probability that Wright T&L performed tree-trimming services for OG&E prior to or on the day of Plaintiff's accident. Plaintiff's allegations against Wright T&L stem from Plaintiff's belief that Wright T&L may have performed tree-trimming services for OG&E in a negligent manner. Mr. Wright's affidavit reflects that Wright T&L has never done any work for OG&E, and Plaintiff does not rebut this contention. Accordingly, Defendant has established that Wright T&L was fraudulently joined and, therefore, should not be considered for purposes of determining whether diversity jurisdiction exists.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand [Doc. No. 19] is **DENIED**. In light of this ruling, Wright Tree and Landscaping, LLC and Gene Davis Tree Service, LLC[3] are hereby **DISMISSED** from this action, without prejudice. Defendant's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand and Memorandum of Law in Support [Doc. No. 27] is **DENIED** as **MOOT**.

---

[3] As provided herein, Plaintiff conceded that Gene Davis Tree Service, LLC was fraudulently joined by failing to address the issue of fraudulent joinder with respect to that entity.

**IT IS SO ORDERED** this 15th day of February, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge