IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD BRESKE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-1072-D |
| HONEYWELL INTERNATIONAL INC., et al., | ) ) ) ) |
|     Defendants. | ) ) |

### ORDER

Before the Court is Defendant Schneider Electric USA, Inc.'s Motion to Dismiss [Doc. No. 13]. Plaintiff filed a response [Doc. No. 37], to which Schneider replied [Doc. No. 40]. The matter is fully briefed and at issue.

### Plaintiff's Allegations

On June 12, 2021, Plaintiff was electrocuted and seriously injured while performing repairs on a power line [Doc. No. 19-1, Petition]. At the time of his injury, Plaintiff was a lineman employed by Oklahoma Gas & Electric (OG&E). *Id.* at ¶ 16. In this litigation, Plaintiff has alleged in part that Schneider designed, manufactured, and/or distributed defective software utilized by OG&E to designate power lines as shut off for repairs. *Id.* at ¶¶ 26-36. Specifically, Plaintiff alleges: at the time of Plaintiff's incident, OG&E used ArcFM software (*Id.* at ¶ 26); Schneider manufactured, designed, or distributed the ArcFM software (*Id.* at ¶ 27); the ArcFM software "has the ability to designate certain power sources as being 'closed' and/or 'shut off' for repair work to be performed by linemen" (*Id.* at ¶ 28); prior to Plaintiff's electrocution, the subject power line was to be designated

1

as "off" so that Plaintiff could repair the power line (*Id.* at ¶ 29); the power line became active while Plaintiff was performing repairs (*Id.* at ¶ 30); the ArcFM system failed to properly save the "status of the power source that allowed electricity to run through the power lines on which Plaintiff was working" (*Id.* at ¶ 31); the ArcFM software is "prone to 'bugs' and numerous patches have been released by [Schneider]" (*Id.* at ¶ 32); and that Plaintiff was injured as a result of Schneider's defective software and its failure to "warn and guard against said defects in [the] ArcFM software so as to prevent injury to Plaintiff." *Id.* at ¶ 33.

## Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**Discussion**

In its motion to dismiss, Schneider argues that Plaintiff cannot state a claim against Schneider and relies heavily upon the affidavit of William Pratt [Doc. No. 13-1], a senior staff engineer employed by Schneider. According to Pratt, the ArcFM software – licensed to OG&E at the time of Plaintiff's accident – is a mapping software that allows users to determine the location of power lines, but it does not have the capacity to energize or de-energize power lines [Doc. No. 13-1, at ¶¶ 10-11]. Based on this information, Schneider moves to dismiss Plaintiff's claims against Schneider relating to the allegedly defective ArcFM software.

Under FED. R. CIV. P. 12(d), if a movant under Rule 12(b)(6) relies on "matters outside the pleadings" that are not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56." Here, although Schneider appears to concede that the Court must convert Schneider's motion into one seeking summary judgment if the Pratt Affidavit is considered [Doc. No. 13, at 2 fn. 1], Schneider utilizes the Rule 12(b)(6) standard for its argument that Plaintiff's claims should be dismissed. However, when a court converts a motion to dismiss into a motion for summary judgment, the proper inquiry is whether "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Given the early stages of this litigation, the Court declines to convert Schneider's motion to dismiss into a motion for summary judgment. *See Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings."). Schneider has

3

raised a factual dispute that requires consideration of matters beyond the pleadings. But because the parties have conducted little to no discovery, the Court will decline to consider extraneous materials and will instead analyze whether Plaintiff's complaint has stated a claim under Rule 12(b)(6). *See Am. Nat'l Ins. Co. v. FirstCity P'Ship Ltd.*, No. CIV-08-1363-F, 2009 WL 10702128, at *1 (W.D. Okla. Mar. 17, 2009) ("[T]he court declines to convert the motion because, at this stage, the record is so limited that conversion would be futile and would not serve the ends of justice…. [I]f the court were to convert the motion, the court would end up either striking the motion as premature or denying the converted motion.").

In its motion, Schneider relies solely upon the Pratt Affidavit to argue that Plaintiff has "no factual foundation" for his claims relating to the allegedly defective ArcFM software because the software cannot energize or de-energize power lines. Disregarding the Pratt Affidavit, the Court disagrees with Schneider that Plaintiff's factual allegations are mere legal conclusions. Accepting all well-pleaded allegations as true and viewing them "in the light most favorable to the plaintiff," the Court finds that Plaintiff has stated plausible claims against Schneider related to the allegedly defective ArcFM software. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

## Conclusion

**IT IS THEREFORE ORDERED** that Defendant Schneider Electric USA, Inc.'s Motion to Dismiss [Doc. No. 13] is **DENIED**.

**IT IS SO ORDERED** this 30th day of April, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge