IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD BRESKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-1072-D |
| ) | |
| HONEYWELL INTERNATIONAL INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Asplundh Tree Expert Company's Motion to Enter the Plaintiff's Stipulation of Dismissal Without Prejudice of Asplundh and to Overrule Defendant Honeywell's Objection [Doc. No. 60]. Asplundh has purportedly received a stipulation of dismissal from Plaintiff for Plaintiff's claims against Asplundh, and there are no other pending claims against Asplundh. However, as noted in Defendant Honeywell International, Inc.'s Response [Doc. No. 64], Honeywell objects to the dismissal of Plaintiff's claims against Asplundh.

Asplundh's motion is governed by FED. R. CIV. P. 41. Rule 41 allows for the voluntary dismissal of actions *by a plaintiff*: without a court order upon submission of "a stipulation of dismissal signed by all parties who have appeared"; or "at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(A)(ii), (a)(2).[1] Asplundh cites to no support for the proposition that a defendant

---

[1] "Several district courts in the Tenth Circuit, as well as the majority of circuit courts, have held that Federal Rule of [Civil] Procedure 41 may be used to dismiss all claims against one defendant

1

may move to dismiss claims against itself under Rule 41. Asplundh's attempt to couch its motion as a "motion to enter Plaintiff's stipulation of dismissal" does not circumvent Rule 41. For these reasons, Asplundh's Motion to Enter the Plaintiff's Stipulation of Dismissal Without Prejudice of Asplundh and to Overrule Defendant Honeywell's Objection [Doc. No. 60] is **DENIED**. Pursuant to Rule 41, Plaintiff may move for dismissal of his claims against Asplundh by submitting a stipulation of dismissal signed by all parties who have appeared or by requesting dismissal on terms that the Court considers proper.

**IT IS SO ORDERED** this 13th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

without dismissing the entire action." *Castillo v. Prater*, No. CIV-23-675-D, 2023 WL 9546946, at *13 (W.D. Okla. Dec. 8, 2023) (collecting cases), *rec. adopted*, No. CIV-23-675-D, 2024 WL 21801 (W.D. Okla. Jan. 2, 2024).